IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOHN HANKINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:21-CV-141-Z-BR |
| | § | |
| JOHNNY CARTER, in his capacity as | § | |
| Wheeler County Sheriff, and WHEELER | § | |
| COUNTY, TEXAS, | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## TO DISMISS WITHOUT PREJUDICE

Under the authority of 28 U.S.C. § 636(b) and Rule 2(c) of Miscellaneous Order No. 6 of this District, this case has been referred to the undersigned for pretrial management. On July 16, 2021, Plaintiff John Hankins ("Hankins") filed his Complaint. (ECF 1). Summons was issued the same day. (*See* ECF 4).

When service is not made on a defendant within 90 days after the filing of the complaint, the court may, after notice to the plaintiff, dismiss the action as to that defendant without prejudice or order the plaintiff to effect service within a specific time. Fed. R. Civ. P. 4(m). On November 1, 2021, the undersigned ordered Hankins to "effect service on defendants by **November 15, 2021**, or file an Advisory by **November 15, 2021** demonstrating good cause for his failure or inability to effect service on defendants." (ECF 9). The undersigned advised Hankins that failure to effect service on defendants or file an Advisory demonstrating good cause may result in the undersigned recommending to the United States District Judge that the Court dismiss this action without prejudice by authority of Rule 4(m). (*See id*).

Hankins wholly failed to comply with the November 1, 2021 order. More than two weeks past

the deadline set by the November 1, 2021 order there is no indication Hankins has served defendants, and Hankins has not filed an Advisory demonstrating good cause for his failure or inability to effect service on defendants. The Court should dismiss this action without prejudice under Rule 4(m).

Additionally, Federal Rule of Civil Procedure 41(b) "authorizes the district court to dismiss an action sua sponte for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985). Hankins' failure to comply with the November 1, 2021 order has prevented this action from proceeding and constitutes a failure to prosecute. The undersigned finds sua sponte dismissal of this action without prejudice under Rule 41(b) is also warranted.

The undersigned recommends the Court dismiss this action without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b).

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED December 3, 2021.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). *Any objections must be filed on or before the fourteenth*

2

*(14th) day after this recommendation is filed* as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).